IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Kevin D. Smith a/k/a Kevin Daniel Smith a/k/a Kevin Smith,<br>    Debtor. | CHAPTER 7<br><br>BANKRUPTCY CASE NUMBER<br>18-03767/JJT |
| Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA8,<br>    Movant,<br>v.<br>Kevin D. Smith a/k/a Kevin Daniel Smith a/k/a Kevin Smith,<br>    Debtor,<br><br>John J. Martin, Esquire, Trustee,<br>   Additional Respondent. | 11 U.S.C. § 362 |

**MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-FA8 FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 (d)**

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA8 ("Movant"), hereby moves for relief from the automatic stay under section 362(d) and, by its undersigned counsel, avers the following in support of the said motion:

1. Debtor, Kevin D. Smith a/k/a Kevin Daniel Smith a/k/a Kevin Smith ("Debtor"), filed a petition under Chapter 7 of the Bankruptcy Code in the Middle District of Pennsylvania under the above case number.

2. Movant is the holder of a secured claim against Debtor secured only by a first mortgage lien on real estate which is the principal residence of Debtor located at 3178 Leisure Lands Road f/k/a 45 Clubhouse Drive, East Stroudsburg, PA 18301 (the "Mortgaged Premises").

3. The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings to foreclose the mortgage on the Mortgaged Premises.

4. Movant services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA8.

5. Movant, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

6. Debtor has not claimed an exemption in the subject property.

7. Debtor has failed to make pre-petition and all post-petition monthly mortgage payments.

8. The defaults include the following monthly payments and charges:

a) Payments of $1,011.95 from November 1, 2017 through November 1, 2017 which totals $1,011.95;

b) Payments of $993.01 from December 1, 2017 through July 1, 2018 which totals $7,944.08;

c) Payments of $1,026.49 from August 1, 2018 through October 1, 2018 which totals $3,079.47;

d) Suspense Balance $88.05;

e) The total amount due (8(a) through 8(d) combined) is $11,947.45

9. The Fair Market Value of the Property is $88,943.00, as per Debtor's Schedules. The approximate amount necessary to pay off the loan is $116,586.61 good through October 15, 2018. The breakdown of the payoff is as follows:

| | |
|---|---:|
| Principal Balance | $108,003.25 |
| Accrued Interest | $3,559.04 |
| Escrow Advances made by Plaintiff | $2,875.85 |
| Corporate Advance | $2,236.52 |
| Suspense Balance | ($88.05) |

10. Movant is entitled to relief from the automatic stay because of the foregoing default and because:

a) Movant lacks adequate protection for its interests in the Mortgaged Premises;

b) Debtor does not have any equity in the Mortgaged Premises; and

c) The Mortgaged Premises are not necessary to an effective reorganization or plan.

11. Debtor has indicated in their Chapter 7 Statement of Intention that they wish to surrender the Property.

12. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary. A proposed order to such effect is submitted herewith.

Respectfully submitted,

Dated: October 18, 2018

BY: /s/ Kevin S. Frankel
Kevin S. Frankel, Esquire
Shapiro & DeNardo, LLC
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610)278-6800/ fax (847) 954-4809

S&D File #:18-059161

PA BAR ID #318323
pabk@logs.com